# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

YACINE SYLLA, *et al.*,

    Plaintiffs,

vs.    Civil Action No.  AW-09-2857

FIRST FRANKLIN
FINANCIAL CORP., *et al.*,

    Defendants.

\*\*\*\*\*\*

## MEMORANDUM OPINION

Pending before the Court is Defendant, First Franklin Financial Corporation's, Motion to Dismiss (Doc. No. 7). The Court has reviewed the motion and all supporting documents and finds that no hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2008). For the reasons articulated below, the Defendants' Motion to Dismiss is **GRANTED**.

## FACTUAL BACKGROUND

On April 25, 2007, Plaintiffs, Yacine Sylla and Mohamed Shaban, contracted with Defendant, First Franklin Financial Corporation., for a loan to purchase their residential property. It appears that EK Settlements, Incorporated, was the settlement company that closed on the loan. According to Plaintiffs' complaint, Defendants allegedly failed to tender "settlement" documents to Plaintiffs at settlement, and otherwise pressured Plaintiffs into the settlement transaction. Plaintiffs also allege that Defendants failed to make the necessary disclosures that are required by federal law before and/or after settlement including copies of the written loan application and the written good faith estimate. Plaintiffs' complaint, however, fails to provide specifics as to what exactly Defendants did not disclose. Plaintiffs further allege that when they obtained settlement documents at some later unspecified time, the documents misrepresented the terms of the purchase and contained Plaintiffs' forged signatures on various documents, including the disclosure statement.

For instance, Plaintiffs allege that the disclosure statement, which contains their signature, was generated months before the subject property was on the market for sale and before Plaintiffs began the process of purchasing the property, and is dated January 29, 2007, nearly three months before their settlement date. Plaintiffs contend that their signatures were forged. Plaintiffs also state that Defendants inexplicably changed their loan amount from $445,000 to $455,000, and Plaintiffs further claim that they were not able to properly assess their monthly mortgage payments. Lastly, Plaintiffs contend that unlawful kickbacks were paid to brokers. Plaintiffs assert that Defendants engaged in a scheme of predatory lending, which resulted in a high point loan with the final balloon payment totaling nearly 80% of the purchase price. Plaintiffs failed to remit monthly payments to Defendants, and at the time of this suit, Plaintiffs' home was in foreclosure proceedings. The record indicates that Plaintiffs still live in the property, but otherwise does not provide the status of the foreclosure proceedings.

Plaintiffs filed their complaint in this Court on October 29, 2009. Plaintiffs bring this case before the Court (1) alleging that Defendants violated the Truth in Lending Act (Count I); (2) alleging that Defendants gave them a defective grant (Count II); (3) seeking a declaratory judgment (Count III); (4) alleging that Defendants violated the Maryland Consumer Protection Act (Count IV); and (5) alleging that Defendants violated the Federal Real Estate Settlement and Procedures Act ("RESPA") (Count V). Defendant, First Franklin, seeks to dismiss this matter for lack of subject matter and for failure to state claims that entitle Plaintiffs to the relief sought.

## **STANDARD OF REVIEW**

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Generally, a complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a

"short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Nevertheless, the Supreme Court has directed courts that Rule 8 still requires a showing of "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In its determination, the Court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). In sum, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted).

## ANALYSIS

**I.   Truth in Lending Act and Real Estate Settlement Procedures Act Claims.**

Defendant argues that Plaintiffs do not have a claim under the Truth in Lending Act ("TILA"). Specifically, Plaintiffs have requested a rescission of the loan transaction for the purchase of their home and statutory damages under this statue. However, as Defendant correctly points out, 15 U.S.C. § 1635(e) (2006), excludes the right to rescission for transactions in which money is borrowed to purchase or finance a residential property. There is no question that the loan in question was used to purchase residential property; therefore, Plaintiffs do not have the right to rescind the contract. Moreover, Plaintiffs seek statutory damages under 15 U.S.C. § 1640(a). However, under the TILA, claims for statutory damages must be brought

3

within one year "from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The alleged occurrence of the violation is April 25, 2007. Plaintiffs did not file their complaint until October 29, 2009, which as Defendant argues, bars them from statutory damages under the TILA. Plaintiffs counter that their delay in filing suit was a result of their two-year investigation of Defendant's alleged violations, and thus there delay is reasonable. However, this argument is not sufficient to overcome the statute of limitations bar. Accordingly, Plaintiffs are not entitled to the relief requested under the TILA.

Similarly, Defendant asserts that Plaintiffs' claims under the Real Estate Settlement Procedures Act ("RESPA"), which aims to provide consumers with full information on the cost of the settlement process and to provide protection against "unnecessarily high settlement charges and abusive practices," is barred by a one-year statute of limitations. 12 U.S.C. §§ 2601(a), 2614. Plaintiffs' Complaint alleges that EK Settlements provided kickbacks to affiliated businesses, such as U.S. Mortgage, without disclosing such arrangements to Plaintiffs as required under 12 U.S.C. § 2607(b)-(c). However, pursuant to 12 U.S.C. § 2614, private Plaintiffs must bring claims for violations of § 2607 within one year of the alleged violation. As discussed above, Plaintiffs' settlement on the real estate property occurred in April 2007; however, Plaintiffs did not file their claim until October 2009. Accordingly, as Defendant argues, Plaintiffs' RESPA claims are barred by the statute of limitations.

## II. Subject Matter Jurisdiction

Defendant argues that the Court lacks subject matter jurisdiction to hear Plaintiffs' case because there is no plausible federal question involved and there is not diversity of citizenship between the parties. Although the Complaint alleges that there is diversity of the parties, the Court notes there is no complete diversity because both Plaintiffs and EK Settlements, one of the named Defendants, are residents of Maryland. As demonstrated by the discussion above, the

claims involving federal questions, and which served as one of the bases for Plaintiffs to bring this action in federal court, are time barred and otherwise unavailable to Plaintiffs. Under 28 U.S.C. § 1367(c)(3), district courts can decline to exercise supplemental jurisdiction where it has dismissed all claims in which the Court had original jurisdiction. Accordingly, the Court declines to exercise its supplemental jurisdiction and dismisses the case without prejudice to file the state claims in state court.

## **CONCLUSION**

For the foregoing reasons, the Defendants' Motion to Dismiss (Doc. No. 7) is **GRANTED**, without prejudice to Plaintiffs state claims. A separate Order will follow.

|  |  |
|---|---|
| April 26, 2010 | /s/ |
| Date | Alexander Williams, Jr. |
|  | United States District Court Judge |